UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICK JORDAN, ET AL                    CIVIL ACTION NO. 17-cv-1683

VERSUS                                   JUDGE FOOTE

REPUBLIC SERVICES NATIONAL               MAGISTRATE JUDGE HORNSBY
ACCOUNTS, LLC, ET AL

# MEMORANDUM ORDER

**Introduction**

Patrick and Pallie Jordan ("Plaintiffs") filed this personal injury action in state court. The named defendants were Republic Services National Accounts, LLC and Wastequip Manufacturing Company, LLC. Plaintiffs allege that Patrick Jordan, while employed by Republic, was injured while making a delivery to a landfill. Plaintiffs allege that another Republic employee was dumping material from a different truck when a roll-off container manufactured by Wastequip malfunctioned and struck Patrick. Plaintiffs asserted product liability claims against Wastequip and alleged that Republic was liable (despite workers' compensation laws) on an intentional tort theory.

Republic and Wastequip removed the case based on an assertion of diversity jurisdiction. They alleged that Plaintiffs are domiciled in Louisiana; Wastequip is a citizen of Delaware and North Carolina; and Republic is a citizen of Delaware and Arizona. They satisfied the amount in controversy element by pointing to claims of traumatic brain damage and other serious injuries. New parties have since been added to the suit, and their

citizenship is not so clearly alleged. This order addresses those parties and seeks clarity on this critical jurisdictional issue.

**Citizenship and LLCs**

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

**BFI Waste Service, LLC**

BFI Waste Services, LLC filed an answer (Doc. 11) and alleged that it, rather than Republic, was Patrick's employer. BFI's answer does not appear to state with specificity BFI's citizenship. BFI also filed a corporate disclosure statement (Doc. 9) in which it stated that it is an LLC wholly owned by Allied Waste North America, LLC, which is wholly owned by Allied Waste Industries, LLC, which is in turn wholly owned by Republic Services, Inc. The notice of removal alleged that Republic is incorporated in Delaware and has its principal place of business in Arizona.

If, when BFI alleges that the LLCs are "wholly owned by" other entities it means that the owners are the sole members of the LLCs, then this information from the corporate disclosure statement—coupled with information in the notice of removal—appears to adequately describe BFI's citizenship. If the court has misinterpreted BFI's allegations about its citizenship, BFI must file clarification in the record by **July 22, 2019**.

It is preferable if attorneys would, in diversity cases, allege the citizenship of parties with specificity in the notice of removal, answer, amended complaint, or whatever pleading in which the party first appears. Otherwise, the court, which has an obligation to ensure the existence of subject matter jurisdiction even when not challenged by the parties, must dig through the record in search of nuggets of information and interpret ambiguous terminology, which risks that information might be overlooked or misunderstood, which can result in an inadvertent remand to state court.

**Wastebuilt Southwest, LLC**

Plaintiff later moved to file a first amended complaint to (1) substitute BFI in place of Republic and (2) add new defendant Wastebuilt Southwest, LLC. The first amended complaint alleges in Paragraph 4 that Wastebuilt is a Delaware limited liability company. Wastebuilt later filed an answer (Doc. 27) and a corporate disclosure statement (Doc. 29). The disclosure statement provided some information about the ownership of the company, but it does not appear that the pleadings contain the detailed membership information necessary to ensure that there is complete diversity of citizenship. Instructions to cure this are set forth at the end of this order.

**Box Gang Manufacturing, LLC**

Wastebuilt later filed a motion for leave to file a third-party complaint against Box Gang Manufacturing, LLC. Wastebuilt alleged that it had obtained information that Box Gang was the actual manufacturer of the container at issue and may be liable to it for the claims asserted by Plaintiff. The motion asserted that the addition of Box Gang would not destroy diversity because Box Gang is believed to be a Texas LLC whose members are all citizens of Texas.

Neither the motion nor the third-party complaint identified those members. That was not critical at the time because, assuming there was diversity between Plaintiffs and the named defendants, the court would have supplemental jurisdiction over the third party demand regardless of the citizenship of Box Gang.

The citizenship of Box Gang has now become important because Plaintiffs have filed a Motion for Leave to File Second Amended Complaint (Doc. 44) and add their own claim directly against Box Gang. Plaintiffs assert that this will not destroy diversity because Box Gang's members are believed to be domiciled in Texas. No further information about those members is provided.

Even if the court has supplemental jurisdiction over Wastebuilt's third-party complaint against Box Gang, that does not allow Plaintiffs to assert claims directly against Box Gang if they are not diverse in citizenship. Owen Equipment & Erection Co. v. Kroger, 98 S.Ct. 2396 (1978); Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1444.1 (3d ed.) (Owen Equipment "ruled that in an action based on diversity of citizenship any claim

asserted by the original plaintiff against the third-party defendant must present an independent jurisdictional base."). Thus, if a single member of Box Gang is a citizen of Louisiana, diversity would be destroyed. The court would then have to determine whether to allow the addition of Box Gang and remand the case to state court or deny leave to amend. The assessment of such motions is guided by the factors set forth in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987).

Plaintiff's **Unopposed Motion for Leave to File Second Amended Complaint Doc. 44)** is **granted**, subject to the right of the court to vacate this order if it is determined that the addition of Box Gang destroys citizenship and the <u>Hensgens</u> factors weigh in favor of denying leave to amend. See <u>Borden v. Allstate Ins. Co.</u>, 589 F.3d 168, 171-72 (5th Cir. 2009); <u>Bramlett v. Medical Protective Co.</u>, 2010 WL 1491422, *5 (N.D. Tex. 2010) (vacating such an order is permitted).

**Orders to Clarify Citizenship**

**Box Gang is ordered** to include in its answer specific information about its membership and the citizenship of its members in accordance with the rules set forth above in <u>Harvey</u>, <u>Rodidaco</u>, and the other cited decisions. All current counsel are directed to ensure that this order is brought to the attention of counsel for Box Gang as soon as communication with Box Gang's counsel is established.

**Wastebuilt Southwest, LLC** is ordered to file by **July 22, 2019** a statement regarding its citizenship that sets forth with specificity its members and their respective citizenship under the applicable rules. A general allegation that no members share citizenship with an opposing party is inadequate. Members must be identified and have

their citizenship alleged with specificity even when that task is burdensome.  <u>Rodidaco</u>, <u>supra</u>.  If Wastebuilt has Louisiana citizenship, the interested parties will be ordered to file briefs on the <u>Hensgens</u> factors to determine whether remand is required.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of July, 2019.

                                                          Mark L. Hornsby
                                                           U.S. Magistrate Judge